IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


MARQUIS JERMANE GODBOLD                                                    PLAINTIFF


v.                                        Civil No. 4:16-cv-4069


 KRAIG REYNOLDS                                                            DEFENDANT

## **ORDER**

Before the Court is Plaintiff Marquis Jermane Godbold's failure to obey orders of the Court
and keep the Court informed of his current address.  On July 27, 2016, Plaintiff Marquis Jermane
Godbold filed this 42 U.S.C. § 1983 action *pro se*.  (ECF No. 1).  On March 28, 2017, the Court filed
an order granting Defendant Kraig Reynolds' motion to compel and ordering Plaintiff to provide
Defendant with his past-due discovery responses by no later than April 11, 2017.  (ECF No. 15).
Plaintiff was also advised in the order that failure to comply may result in the dismissal of his case.
On May 15, 2017, Defendant filed a second motion to compel, stating that Plaintiff had not produced
any discovery responses despite the Court's order to do so.  (ECF No. 16).  On May 16, 2017, the
Court issued to Plaintiff an order to show cause why he had failed to provide responses to discovery
requests.  (ECF No. 18).

On May 25, 2017, the show-cause order sent to Plaintiff at his address of record was returned
as undeliverable, indicating that he was no longer there.  On May 31, 2017, the Court granted
Defendant's second motion to compel, again ordering Plaintiff to respond to Defendant's discovery
requests and informing Plaintiff that failure to comply with the order would result in his complaint
being dismissed for failure to obey an order of the Court.  (ECF No. 20).  On June 9, 2017, the order
granting Defendant's second motion to compel was returned as undeliverable to Plaintiff's address of
record.  (ECF No. 21).  As of the date of this Order's entry, Plaintiff has not complied with either of

the Court's orders requiring him to respond to Defendant's discovery requests, and he has not responded to the Court's show-cause order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that a district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with three orders of the Court and has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 15th day of June, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge